# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERNANDEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-2613** |
| **MORNING CALL COFFEE STAND, INC.** | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to conditionally certify a Fair Labor Standards Act ("FLSA") collective action under 29 U.S.C. § 216(b). R. Doc. 7. Defendant has not responded. After considering the parties' briefs and the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

Plaintiff Antonia Hernandez ("Hernandez") has filed this lawsuit as a putative class action on behalf of herself and other similarly situated parties to recover unpaid overtime wages. R. Doc. 1 at 1. Plaintiff claims that, while she was employed as a kitchen helper at Defendant Morning Call Coffee Stand, Inc. ("Morning Call"), she was not paid one-and-a-half times her hourly wage for hours worked in excess of forty (40) hours per week. R. Doc. 1 at 1. Plaintiff claims that all overtime hours were paid in cash. R. Doc. 1 at 4. Plaintiff files this lawsuit under the Fair Labor Standards Act ("FLSA") and claims unpaid wages, interest, liquidated damages, and attorney's fees and costs. R. Doc. 1 at 1-2. Plaintiff also requests declaratory and injunctive relief. R. Doc. 1 at 2.

On June 15, 2017, the Court entered the default of Defendant Morning Call because Defendant has failed to appear, plead, or otherwise defend. R. Doc. 6.

## II. PRESENT MOTION

Plaintiff now seeks to maintain their case as a collective class action under 29 U.S.C. § 216(b) because they believe Defendant's unemployment practices were uniform throughout its business. Plaintiff also seeks approval of their proposed notice, and requests that the Court order Defendant to disclose information regarding potential class members.

Plaintiff alleges that she, and at least twenty (20) coworkers, frequently worked for Defendant more than forty (40) hours per week and were not paid overtime wages for overtime work performed for Defendant. R. Doc. 7 at 6, 15. Plaintiff claims that Defendant's unlawful pay practices were commonly applied throughout the Defendant's business and therefore, the putative class members are similarly situated such that conditional certification is appropriate. R. Doc. 7 at 6.

Plaintiff argues that conditional certification is urgent in this case because the statute of limitations on individual workers' claims are not automatically tolled until the worker filed a consent-to-sue form with the Court. R. Doc. 7 at 21. Therefore, as time passes, workers lose some of their ability to claim unpaid wages for time outside the limitations period. R. Doc. 7 at 21. Additionally, Plaintiff argues their burden is very low, and their allegations that Morning Call applied the same policy or practice to all kitchen helper employees is sufficient to satisfy the "fairly lenient standard" for conditional class certification. R. Doc. 7 at 16. Plaintiff contends they have met that standard because they assert the same practices applied to all of Defendant's employees and have submitted Plaintiff's paycheck stubs which demonstrate the putative class members are similarly situated such that this Court should grant conditional certification. R. Doc. 7 at 16.

Finally, Plaintiff requests Court approval of their proposed notice, and argue it is appropriate because the notice is "timely, accurate, and informative" as required by law. R. Doc. 7 at 23 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)). Plaintiff also

requests that this Court order Defendant Morning Call to produce the names and last known addresses of all individuals who were employed at Morning Call and may be potential class members, so that Plaintiffs may contact them to provide notice of this collective action. R. Doc. 7 at 23-24.

Defendant has not responded to Plaintiff's motion.

### III. LAW AND ANALYSIS

The FLSA provides workers the right to sue collectively on behalf of themselves and others "similarly situated" for violations of the Act's minimum wage provisions and overtime protections. 29 U.S.C. § 216(b). "Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt-in to the action." *Anderson v. Cagle's Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007) (citing 29 U.S.C. § 216(b)). District courts have discretion to implement the collective action procedure by sending notice to potential plaintiffs. *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 667–68 (5th Cir. 2007). Notice must be "timely, accurate and informative." *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The Fifth Circuit has not yet established a legal standard for collective-action certification, but has affirmed two different approaches. *Portillo v. Permanent Workers, L.L.C.*, No. 15-30789, 2016 WL 6436839, at *2 (5th Cir. Oct. 31, 2016); *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). One method for certifying collective-action claims involves a two-step "similarly situated" test, while the other is more akin to the standard for Rule 23 class actions. *Roussell*, 441 F. App'x at 226. In the present case, this Court finds it appropriate to apply Mooney's two-stage approach. *Mooney*, 54 F.3d at 1216.

Under this two-step process, the first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision whether notice should be given to potential class members based on the pleadings, affidavits, and any other evidence which has been submitted. *Id.* at 1213. Because the court has minimal evidence at this point, and plaintiffs seeking conditional certification are not required to identify other potential collective action members, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. *Id.* at 1214. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." *Id.*

The second determination typically occurs after the defendant files a motion for "decertification" after discovery is largely complete. *Id.* At this stage, the court has substantially more evidence it can use in deciding whether the collective action members are similarly situated. *Id.* If the claimants are similarly situated, the district court allows the representative action to proceed to trial. *Id.* If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Id.* The original plaintiffs can then proceed to trial on their individual claims. *Id.*

Because this case is presently at the "notice stage," the Court must make a decision whether conditional certification should be granted and whether notice of the action and right to opt-in should be given to potential class members. At this point, plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist and their rights were violated in similar ways. *Nunez v. Orleans Shoring, LLC*, No. 16-3005, 2016 WL 3746168, at *4 (E.D. La. July 13, 2016). "Although the standard for satisfying the first step is lenient ... the court still requires at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Smith v. Offshore Specialty Fabricators Inc.*, No. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13,

2009) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex., 1999)) (internal quotations and citations omitted). To determine whether plaintiffs have submitted substantial allegations of a single plan, courts consider "whether potential plaintiffs were identified ... whether affidavits of potential plaintiffs were submitted ... and whether evidence of a widespread discriminatory plan was submitted." *Smith v. Offshore Specialty Fabricators Inc.*, No. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009); *see also Banegas*, No. 15-593, 2015 WL 4730734, at *4 (E.D. La. Aug. 10, 2015) ("The plaintiff may satisfy this burden by submitting evidence in the form of pleadings, affidavits and other supporting documentation.").

Here, Plaintiff alleges that other similarly situated individuals exist and has supported this allegation with Plaintiff's written declaration and First Requests for Admission, R. Doc. 7-4. Because Defendant has not timely responded to Plaintiff's request for admissions, the admissions are now deemed admitted pursuant to Federal Rule of Civil Procedure 36. Therefore, Defendant has admitted that it "employed at least twenty other workers and/or kitchen helpers over the last three years" and that "Defendant has a company-wide policy of not paying its employees one-and-half times their hourly rate for all hours worked in excess of forty in a workweek." R. Doc. 7-4 at 3. Therefore, Plaintiff has satisfied their burden of demonstrating they are similarly situated to the purported class.

Furthermore, in the interests of effectiveness of the class remedy and judicial economy, the Court will exercise its discretionary authority to facilitate notice to potential opt-in plaintiffs. *See Hoffmann–La Roche*, 493 U.S. 165. Because the Court finds that Plaintiff's proposed notice is "timely, accurate, and informative," the Court approves Plaintiff's proposed notice, both English and Spanish versions. R. Docs. 7-6, 7-7; *see Hoffmann–La Roche*, 493 U.S. at 169. The Court also approves an opt-in period of ninety (90) days. Finally, in order to facilitate sending the notice and consent forms, and in an effort to bring Defendant Morning Call into the present lawsuit, the Court orders the Defendant to provide the names and last known addresses of

potential class members.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to conditionally certify a class, R. Doc. 7, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's proposed notice, R. Docs. 7-6, 7-7, is **APPROVED**.

**IT IS FURTHER ORDERED** that Defendant Morning Call shall provide the names and last known addresses of potential class members.

New Orleans, Louisiana, this 6th day of October, 2017.

                                               UNITED STATES DISTRICT JUDGE

CC: Morning Call Coffee Stand, Inc.
     c/o Robert Hennessey
     2925 Desert Court
     Mandeville, LA 70448