UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIA HERNANDEZ | CIVIL ACTION |
| VERSUS | NO. 17-2613 |
| MORNING CALL COFFEE STAND, INC. | SECTION "L" (1) |

### ORDER & REASONS

Before the Court are Defendant's Motions to Dismiss, for Summary Judgment, for Decertification of Collective Class Action, and to Strike. R. Docs. 37, 39, 40, 41, 42, and 48. Plaintiffs have responded in opposition. R. Docs. 43, 44, 45, 46, and 47. After considering the parties' briefs and the applicable law, the Court issues this Order & Reasons.

I.  BACKGROUND

Plaintiff Antonia Hernandez ("Hernandez") has filed this lawsuit as a putative class action on behalf of herself and other similarly situated parties to recover unpaid overtime wages. R. Doc. 1 at 1. Plaintiff claims that, while she was employed as a kitchen helper at Defendant Morning Call Coffee Stand, Inc. ("Morning Call"), she was not paid one-and-a-half times her hourly wage for hours worked in excess of forty (40) hours per week. R. Doc. 1 at 1. Plaintiff claims that all overtime hours were paid in cash. R. Doc. 1 at 4. Plaintiff files this lawsuit under the Fair Labor Standards Act ("FLSA") and claims unpaid wages, interest, liquidated damages, and attorney's fees and costs. R. Doc. 1 at 1-2. Plaintiff also requests declaratory and injunctive relief. R. Doc. 1 at 2.

On June 15, 2017, the Court entered the default of Defendant Morning Call because Defendant had failed to appear, plead, or otherwise defend. R. Doc. 6. On November 21, 2018, the Court vacated the default because good cause was shown, namely the death of president and

sole shareholder of Defendant Morning Call. R. Doc. 14. Defendant answered the complaint generally denying the allegations. R. Doc. 16. Defendant also asserts the following affirmative defenses among others: prescription, good faith, and Defendant did not authorize Plaintiffs to work overtime. R. Doc. 16.

## II. PRESENT MOTIONS

### A. Defendant's Motion to Dismiss (R. Doc. 37)

Defendant moves to dismiss the claims brought by Plaintiff Angelo Albers, Jr. for failure to prosecute. R. Doc. 37. Defendant alleges that Plaintiff Albers, Jr. has twice failed to appear for a noticed deposition and has failed to communicate with counsel. R. Doc. 37-1.

Plaintiff only opposes dismissal with prejudice. R. Doc. 43.

### B. Defendant's Motion for Summary Judgment (R. Doc. 39)

Defendant moves for summary judgment against Plaintiff Antonia Hernandez based on statements made during her deposition testimony. R. Doc. 39-3. Defendant alleges that Plaintiff Hernandez made the following statements during her deposition testimony: 1) she worked 16-17 hours overtime per week, 2) she was paid either $270 or $360 per week in cash for overtime, and 3) she was paid approximately $18,576 per year in cash for overtime. R. Doc. 39-3 at 3. Defendant argues that these statements are judicial admissions that negate any claims Plaintiff has for overtime pay. R. Doc. 39-3 at 4. Defendant argues that given this testimony, Plaintiff Hernandez would have had to work 23.8 hours of overtime per week to be entitled to any additional overtime pay. R. Doc. 39-3 at 4. Therefore, Defendant asks the Court to grant summary judgment on Plaintiff Hernandez's overtime claims. R. Doc. 39.

Plaintiff responds in opposition arguing that Defendant has mischaracterized Plaintiff's deposition testimony. R. Doc. 44 at 1. Plaintiff argues that she has never stated that she was paid the correct amount of overtime and that the amounts given in her deposition testimony were "estimates." R. Doc. 44 at 2.

### C. Defendant's Motion for Partial Summary Judgment (R. Doc. 40)

Defendant moves for partial summary judgment against Plaintiff David McEniry based on statements made during his deposition testimony. R. Doc. 40-3. Defendant alleges that Plaintiff McEniry made the following statement during his deposition testimony: he worked roughly one hour of overtime per week. R. Doc. 40-3 at 2. Defendant argues that this statement is a judicial admission that limits Plaintiff McEniry's claims for overtime pay. R. Doc. 40-3 at 6. Defendant argues that given this testimony, Plaintiff McEniry is entitled at most to only one hour of overtime pay over the course of his time working for Defendant. R. Doc. 40-3 at 7. Therefore, Defendant asks the Court to grant partial summary judgment and limit Plaintiff McEniry's overtime claims. R. Doc. 40-3 at 7.

Plaintiff responds in opposition arguing that Defendant has mischaracterized Plaintiff's deposition testimony. R. Doc. 46 at 1. Plaintiff argues that he stated that the amount of overtime he worked varied and that he never affirmatively stated that he only worked one hour overtime per week. R. Doc. 46 at 1-2.

### D. Defendant's Motion for Partial Summary Judgment (R. Doc. 41)

Defendant moves for partial summary judgment against Plaintiff Angelo Albers, Sr. based on statements made during his deposition testimony. R. Doc. 41-3. Defendant alleges that Plaintiff Albers, Sr. made the following statements during his deposition testimony: 1) he added $2,156 to his 2015 tax return as his best estimate of his overtime pay, 2) he did not add any overtime pay to his 2014 or 2016 tax return, and 3) he reports all of his income, including cash income. R. Doc. 41-3 at 2-3. Defendant argues that given this testimony, Plaintiff Albers, Sr. is entitled to at most $1,078 overtime pay for 2015. R. Doc. 41-3 at 7. Therefore, Defendant asks the Court to grant partial summary judgment and limit Plaintiff Albers, Sr.'s overtime claims. R. Doc. 41-3 at 7.

Plaintiff responds in opposition arguing that Defendant has mischaracterized Plaintiff's

deposition testimony. R. Doc. 45 at 1. Plaintiff argues that he estimated and/or guessed at the amount of overtime pay he earned. R. Doc. 45 at 1. Plaintiff further argues that his overtime claim should not be limited to what he claimed on his tax return. R. Doc. 45 at 2.

### E. Defendant's Motion for Decertification of Collective Class Action (R. Doc. 42)

Defendant moves for decertification of the collective class action. R. Doc. 42. Defendant argues that less than 4% of the putative class chose to opt in and this shows a lack of enthusiasm for the collective action. R. Doc. 42-1 at 3. Additionally, Defendant argues that the class should be decertified because the amount of time that the opt-in Plaintiffs worked for Defendant is considerably less than the named Plaintiff and this makes them differently situated. R. Doc. 42-1 at 2-3.

Plaintiff responds in opposition arguing that there is not good reason to decertify this class. R. Doc. 47. Plaintiff argues that the cases cited by Defendant involved individualized inquiries and were not decertified based on size of the class. R. Doc. 47 at 3. Plaintiff further argues that these Plaintiffs are similarly situated because they worked the same jobs, for the same employer, for overlapping periods of time. R. Doc. 47 at 4. Finally, Plaintiff argues that proceeding as a collective action will conserve judicial resources and prevent multiple similar actions. R. Doc. 47 at 4.

### F. Defendant's Motion to Strike (R. Doc. 48)

Defendant moves to strike Plaintiffs' First Request for Admissions as premature because it was sent before the Court set the Rule 26(f) status conference. R. Doc. 48.

### III. LAW AND ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### B. Analysis

Regarding Defendant's Motion to Dismiss Plaintiff Angelo Albers, Jr., the Court finds that Albers, Jr. has indeed failed to prosecute his claims. Accordingly, his claims will be dismissed with prejudice.

Regarding Defendant's Motion and Partial Motions for Summary Judgment, R. Docs. 39,

40, and 41, the Court finds that there are genuine issues of material fact relating to the claims of Plaintiffs Antonia Hernandez, David McEniry, and Angelo Albers, Sr. Therefore, summary judgment is not appropriate. While the statements made by the Plaintiffs in their deposition testimony may be used by Defendant on cross-examination for purposes of impeachment, at this stage each side interprets these statements differently. Therefore, these issues are issues of fact properly decided by a jury.

Regarding Defendant's Motion for Decertification of the Collective Class Action, R. Doc. 42, this case was filed well over a year ago, discovery is virtually complete on the three remaining plaintiffs, and to decertify the class at this time would require refiling, joinder or consolidation, and additional pleadings. All of these extra steps would be inefficient and serve no useful purpose. The Court finds that it is more efficient for both the Court and the parties to maintain class certification with the understanding that, in view of the small number of plaintiffs, it is not necessary or appropriate for representative evidence or representative testimony to be presented at trial. Each claimant will have the opportunity to present their case. Accordingly, the Court will maintain the collective class.

Finally, regarding Defendant's Motion to Strike Plaintiffs' First Request for Admissions, R. Doc. 48, the Court understands the history of this case and that at the time the request was made the Defendant had not yet appeared in the case. At that time the Defendant had not yet answered the complaint and the Court had not set its preliminary Rule 26(f) status conference. Accordingly, it is appropriate to strike the request for admissions as untimely.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Prosecution, R. Doc. 37, is hereby **GRANTED** and Angelo Albers, Jr.'s claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motions for Summary Judgment, R. Docs. 39, 40, and 41, are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Decertification of the Collective Class Action, R. Doc. 42, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiffs' First Request for Admissions, R. Doc. 48, is hereby **GRANTED**.

New Orleans, Louisiana, this 12th day of July, 2018.

UNITED STATES DISTRICT JUDGE